# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBERLY RICHARDSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-08-0597-F |
| | ) |
| TVC MARKETING ASSOCIATES, INC., | ) |
| | ) |
|     Defendant. | ) |

## ORDER

"Defendant's Motion for Partial Dismissal," filed July 17, 2008, is before the court (doc. no. 8). The First Amended Complaint (FAC, doc. no. 6) alleges race, retaliation and Burk tort claims alleging violation of Oklahoma public policy based on Burk v. K-Mart corporation, 770 P.2d 24 (Okla.1989). The motion seeks dismissal of plaintiff's Burk tort claims under Rule 12(b)(6), and of plaintiff's retaliation claims under Rule 12(b)(1).[1]

The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1969,1974 (2007). To survive a motion to dismiss, a plaintiff must nudge claims across the line from conceivable to plausible. *Id*. The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court

---

[1] The motion does not mention Rule 12(b)(1), Fed. R. Civ. P. However, defendant's argument that plaintiff failed to exhaust her administrative remedies with respect to her retaliation claims, goes to jurisdiction. Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996).

reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. Ridge at Red Hawk, 493 F.3d at 1177. In conducting its review, the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. *Id*. With respect to the retaliation claims, defendant argues plaintiff did not check the "retaliation" box on her Equal Employment Opportunity Commission (EEOC) charge. The charge is not attached to the complaint. However, in these circumstances, the court may consider matters outside the pleadings to determine its jurisdiction. *See*, Martin v. Central States Emblems, Inc., 150 Fed. Appx. 852 (10th Cir. 2005) (in addressing dismissal under Rule 12(b)(1) to determine whether plaintiff exhausted Title VII claims, court may consider documents submitted by the parties to resolve any jurisdictional fact question, including EEOC charge).

## Burk Tort Claims

For purposes of her Burk tort claims, plaintiff alleges that the same conduct which gives rise to her race discrimination and retaliation claims violates "Oklahoma's public policy against gender/race discrimination, sexual harassment and retaliation...." (FAC ¶ 3.) Defendant moves to dismiss the Burk claims, pointing out that in a race and national origin discrimination case, the undersigned has ruled that a plaintiff's remedies under Title VII and 42 U.S.C. § 1981 are adequate so that Burk claims are precluded under Oklahoma law. Eapen v. Dell Marketing USA, LP, 2007 WL 2248170 (August 2, 2007); *see also*, Benavidez v. AmeriResource Temp Agency, Case No. CIV-06-1244-R (doc. no. 39, order denying certification request, Feb. 21, 2007).

Plaintiff recognizes that the undersigned has previously ruled against similarly situated plaintiffs, but argues that a ruling should be deferred pending a ruling by the Oklahoma Supreme Court in Shirazi v. Childtime Learning Center, Inc., CIV-07-1289-C. Shirazi certifies a question to the Oklahoma Supreme Court asking

-2-

whether matters covered by Title VII may be the basis for a public policy <u>Burk</u> claim. The undersigned declines to delay these proceedings pending a ruling in <u>Shirazi</u>. Because plaintiff's remedies are adequate under Title VII, no <u>Burk</u> claims are plausible as a matter of law, and plaintiff's <u>Burk</u> tort claims will be dismissed with prejudice under Rule 12(b)(6). See reasoning and authorities discussed in <u>Eapen</u>, *supra*.

## The Retaliation Claims

Defendant also challenges plaintiff's retaliation claims for failure to exhaust administrative remedies, based on the fact that plaintiff did not check the box for "retaliation" on her EEOC charge. Failure to mark this box gives rise to a presumption that retaliation was not charged. <u>Gunnell v. Utah Valley State College</u>, 152 F.3d 1253, 1260 (10th Cir. 1998). Defendant further argues that the narrative portion of the EEOC charge does not suggest plaintiff was charging retaliation.

Plaintiff responds by arguing, first, that retaliation claims are actionable not only under Title VII, but also under 42 U.S.C. § 1981, which does not have exhaustion requirements. Defendant counters by arguing that the FAC does not allege retaliation claims under § 1981, but only under Title VII. Defendant relies on language in the FAC which states that:

> Plaintiff's action is race discrimination, retaliation, failure to promote and wrongful termination based on race and retaliation in employment for complaining of those actions. Such matters are made actionable under Title VII of the Civil Rights Act of 1964 and Plaintiff's race claims are also actionable under 42 U.S.C. § 1981.

The court is required to interpret the pleadings liberally in determinating whether a plausible claim is alleged. Moreover, the United States Supreme Court has recently held that § 1981 encompasses claims of retaliation. <u>CBOCS West, Inc. v. Humphries</u>, 128 S. Ct. 1951, 1961 (May 27, 2008). Where, as here, both Title VII and §1981 are referenced in the "Jurisdiction and Venue" portion of the FAC, and where

-3-

the same conduct is alleged in support of all claims, it would be unduly rigid to construe the FAC's correct statement that plaintiff's race claims "are actionable" under both Title VII and § 1981 as meaning that, by contrast, plaintiff's retaliation claims are only alleged under Title VII. Even if the court were to read the FAC's language in the manner defendant proposes, plaintiff could presumably cure this problem with a simple amendment to the pleadings. In these circumstances, the court concludes that the FAC should be, and hereby is, deemed to allege all of plaintiff's retaliation claims under both Title VII and §1981. Accordingly, the motion to dismiss retaliation claims will be denied to the extent retaliation is alleged under § 1981.

Plaintiff's second argument in response to the motion to dismiss concerns the viability of the retaliation claims to the extent they are alleged under Title VII. Based on the language of the EEOC charge, plaintiff argues that the EEOC should have investigated retaliation, thereby exhausting plaintiff's Title VII administrative remedies. This argument relates only to alleged retaliation occurring prior to the date of the EEOC charge; this argument does not purport to save any Title VII-based retaliation claims alleging retaliation after the date of that charge.

Only the "race" box was checked on the EEOC charge. Conceding this, plaintiff argues that the narrative portion of the charge indicated retaliation. Plaintiff relies on the following statements in the charge: "Once I became aware of my demotion, I complained to Julie Box, White, Human Resources, Justin Coffee, White, Sales Associate, and David Kircher, White, Vice President. I then requested a transfer to Department 806. The transfer was denied by Mr. Coffee." The quoted language refers repeatedly to the race of the individuals involved. The word "retaliation" does not appear anywhere in the charge. Construing the charge liberally, the court finds that nothing in the charge indicates a retaliation claim, and that the EEOC was not on notice that it should investigate retaliation. *See*, Belcher v. Boeing Commercial Airplane Group, 105 Fed. Appx. 222, 227 (10th Cir. 2004) (box for retaliation left

blank and narrative portion of charge did not suggest retaliation, so plaintiff had not exhausted administrative remedies).

Lastly, in response to defendant's challenge to the Title VII retaliation claims, plaintiff states that she "has filed a new charge of discrimination as to these subsequent acts although she [has] not received a right to sue letter nor have 180 days expired for investigation of these charges." (Doc. no. 15, p. 2.) Plaintiff does not argue the new charge has any saving effect on the unexhausted status of any Title VII retaliation claims which arose before the original charge was filed. As for the post-original-charge retaliation claims described in the new EEOC charge, plaintiff's brief describes them as follows: "Plaintiff was denied the opportunity to apply for a position in January 2008 and was denied a raise in May 2008." (Doc. no. 15, p. 2.) Although this description does not track any language in the FAC, the FAC appears to allege these two, discrete retaliation claims. (FAC, ¶¶ 17, 21.) Accordingly, these two retaliation claims, like all the retaliation claims, are, as a result of this order, deemed alleged not only under Title VII but also under § 1981.

In determining what impact the existence of the new charge has on the motion to dismiss, the court considers the following factors. The two claims described in the new charge are already alleged in the FAC, so their existence is not a surprise to defendant. The court has now held that all retaliation claims are alleged under § 1981 as well as under Title VII, which means that all retaliatory conduct alleged in the FAC will remain at issue in this action regardless of how the court rules on the Title VII-based retaliation claims. Plaintiff has indicated that the new EEOC charge will cure the exhaustion problem with respect to the two Title VII-based retaliation claims described in the new charge. Dispositive motions are due January 1, 2009. Trial is set in April of 2009. At the recent status conference, despite their awareness of the pending EEOC charge issue, counsel agreed this action should be put on the April, 2009 docket.

In these circumstances, the court declines to now dismiss the two Title VII-based retaliation claims that are now the subject of a new, still pending, EEOC charge. This ruling, however, is subject to reconsideration upon motion by defendant, if the two Title VII-based retaliation claims described in the new charge remain unexhausted on December 1, 2008, one month before dispositive motions are due. The court will consider any such motion on an expedited basis.

<u>Rulings</u>

After careful consideration, defendant's motion for partial dismissal is **GRANTED** in part and **DENIED** in part, as follows. All <u>Burk</u> tort claims are **DISMISSED** with prejudice under Rule 12(b)(6). The complaint is deemed to allege all retaliation claims under Title VII and § 1981. Except for the two retaliation claims based on conduct that allegedly occurred after the original EEOC charge was filed, both of which are now the subject of a new EEOC charge, all retaliation claims alleged under Title VII are **DISMISSED** under Rule 12(b)(1) for failure to exhaust administrative remedies. Defendant's motion to dismiss the Title VII-based retaliation claims that are the subject of a the new EEOC charge is **DENIED** without prejudice to reconsideration at a later date should circumstances warrant.

Dated this 20th day of August, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0597p002(pub).wpd